THOMAS MORGAN, appellant, *v.* WILLIAM D. SMITHSON *et al.*, County Commissioners of Scott County, appellees.

*Appeal from Scott.*

Persons aggrieved by the assessment of their property for taxes, may apply to the County Commissioners' Court of their county for a reduction, as provided by the 25th section of the 89th chapter of the Revised Statutes. Such applications are addressed purely to the discretion of the Court, and the exercise of that discretion cannot be reviewed elsewhere.

APPEAL from a decision of the County Commissioners of Scott county. The proceedings in the cause are stated by the Court in their opinion. The appeal was dismissed at the November special term, 1846, the Hon. Samuel D. Lockwood presiding.

*M. McConnell,* for the appellant, submitted the case to the Court in writing.

*S. T. Logan,* for the appellees, argued orally.

The Opinion of the Court was delivered by

TREAT, J. Thomas Morgan applied to the County Commissioners' Court of Scott county, for a reduction of the as-

Morgan *v.* Smithson *et al.*

sessment of his property for the year 1845.   The applica-
tion was denied, and he prosecuted an appeal to the Circuit
Court.   He there asked leave to dismiss the case, but the
Court refused the leave, and then dismissed the appeal.
Those decisions are assigned for error.

The 26th section of the 89th chapter of the Revised Stat-
utes declares, that "any person feeling aggrieved by the
assessment of his property, may, at the September term of
the County Commissioners' Court immediately succeeding
such assessment, and not afterwards, apply to said Court for
a reduction of said assessment, which may, in the discretion
of the Court, be made on proof that the valuation was too
high, which correction shall be made of record, and a list
certified by the clerk to the collector."

It will thus be seen, that applications of this character are
addressed purely to the discretion of the County Courts, and
the exercise of that discretion cannot be reviewed else-
where.   The Circuit Court, consequently, had no jurisdic-
tion of the case, and decided correctly in dismissing the
appeal.   The only action it could take, was to dismiss the
appeal, and leave the adjudication of the County Court in full
force.   It follows that Morgan had no right to dismiss the
case in the Circuit Court.   The decision of the County
Court was final in the premises, not to be overturned by an
unauthorized appeal to another tribunal.   We fully recog-
nize the right of the plaintiff to dismiss an appeal case prop-
erly pending in the Circuit Court.   In such a case, the Cir-
cuit Court has authority to hear and determine it.   It is to
be tried *de novo*, and in order to succeed, the plaintiff has
again to establish his cause of action.   Instead of doing
this, he may abandon the case altogether, and fall back to
the position he occupied before he commenced the suit in the
inferior Court.   If he chooses the latter course, the previ-
ous proceedings in the cause necessarily fall, and the differ-
ences of the parties are to be adjusted in some other action.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*